UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOU CALEMINE, CHARLES RUSSO,
GEORGE CABALLERO, THOMAS
CORNELIAS, ROBERT WHITAKER,
JOSHUA FRANK, JOAN KELLY, AND
MATTHEW SHEPPARD, as trustees of the
Local 295/Local 851 – I.B.T. Employer
Group Pension Trust Fund and as trustees of
The Local 295/Local 851 – I.B.T. Employer
Group Welfare Fund,

                          Plaintiff,                    06CV4736 (SJ)

   - against -                               MEMORANDUM
                                                AND ORDER

ROBERT GESELL, RONALD GESELL,
EILEEN GESELL and MARY GESELL,

                          Defendants.
-----------------------------------------------------------X

A P P E A R A N C E S:

JOSHUA SAMUEL CARLO PARKHURST
Cary Kane LLP
1350 Broadway, Suite 815
New York, NY 10018
By:    JOSHUA SAMUEL CARLO PARKHURST, Esq.
Attorney for Plaintiff

WILLIAM J. GRAHAM
William J. Graham, PC
One Suffolk Square, Suite 240
Islandia, NY 11749
By:    WILLIAM J. GRAHAM, Esq.
Attorney for Defendants

JOHNSON, Senior District Judge:

1

Plaintiffs Lou Calemine, Charles Russo, George Caballero, Thomas Cornelias, Robert Whitaker, Joshua Frank, Joan Kelly, and Matthew Sheppard (collectively, "Plaintiffs") filed an Amended Complaint in the above-captioned matter on October 31, 2007. Presently before the Court is a motion to dismiss filed by defendants Robert Gesell, Ronald Gesell, Eileen Gesell and Mary Gessell (collectively, "Defendants"), pursuant to Rules 12(b)(1), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Court presumes familiarity with the underlying facts and procedural posture.

In September of 1997, this Court presided over Puccio v. LMG Air Corp., No. 94 Civ. 4013 (SJ), a case in which the plaintiff, a labor union, sought to recoup delinquent contributions from the defendant, an employer with a unionized workforce. In December 1998, this Court found that LMG and All Pro, an employer with a non-unionized workforce, were "alter-ego" companies and that both companies were therefore responsible for delinquent contributions to the plaintiff's pension fund. The Court did not, however, make any findings as to damages. On May 8, 2003, United States Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R&R"), finding damages in favor of the plaintiffs in the amount of $ 2,272,647.80. On February 22, 2006, this Court adopted Judge Mann's R&R it its entirety and entered judgment for the plaintiffs. However, by that time, both LMG and All Pro had declared bankruptcy. The judgment remains unsatisfied.

P-049

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed.R.Civ.P. 12(b)(1)). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume that all of the factual allegations in the complaint are true. Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998), at 5 (citing Scheuer v. Rhodes, 416 U.S. 232, 236, (1974)). The plaintiff ultimately bears the burden to prove, by a preponderance of the evidence, the existence of subject matter jurisdiction. Makarova, 201 F.3d at 113 (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996)).

Dismissal under Rule 12(b)(6) is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957). Furthermore, when considering a motion to dismiss a complaint under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Where, as here, a motion to dismiss under Rule 12(b)(6) is based upon the affirmative defense of statute of limitations, "a

3

district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## DISCUSSION

Defendants argue that Plaintiffs' first and second claims must be dismissed on the grounds that they are barred by the six-year statute of limitations for collection of delinquent contributions. According to Defendants, this Court's September 28, 2007 Memorandum and Order ("Sept. 28 M&O"), which held that Plaintiffs' initial Complaint "exceed[ed] the six-year limitation period applicable to such a claim," forecloses the Plaintiffs from revisiting these claims. Calemine v. Gesell, 2007 U.S. Dist. LEXIS 78067 at *14 (E.D.N.Y. Sept. 28, 2007). Absent from Defendants' discussion is the fact that the Sept. 28 M&O also explicitly provided Plaintiffs the opportunity to replead their initial Complaint to assert causes of action that were not barred by the statute of limitations. Id. In light of that M&O, Plaintiffs filed the aforementioned Amended Complaint.

The Amended Complaint

Plaintiffs' first cause of action states a claim against Defendants for breach of fiduciary duty. The claim specifically states that the contributions "withheld by [D]efendants constitute assets of the plan, that [D]efendants have retained discretionary control over such assets of the plan and that by retaining moneys due to the Fund, the

4

[D]efendants are in breach of their fiduciary duty." Pl. Mem. in Opp'n. ("Pl.s' Mem."), at 5.

Under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"), "a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002 (21)(A). This test requires demonstrating (1) that the plan assets are at issue and (2) that the individual defendants exercised authority or control as it pertained to the management or disposition of the corporation's assets. See Maney v. Fischer, 1998 U.S. Dist. LEXIS 4077, *13, No. 96 Civ. 0561 (KMW), (S.D.N.Y. Mar. 31, 1998); see also United States v. Glick, 142 F.3d 520, 527-28 (2d Cir. 1998).

Pension Benefit Guaranty Corp. v. Solmsen, 671 F. Supp. 938 (E.D.N.Y. 1987), is among the regularly-cited cases in which "courts have consistently held that employers who exercise discretionary control over funds that are designated for deposit into an ERISA fund qualify as fiduciaries," including individuals managing corporations obliged to make fund contributions. NYSA-ILA Med. & Clinical Servs. Fund By & Through Capo v. Catucci, 60 F. Supp. 2d 194, 202 (S.D.N.Y. 1999). See also Connors v. Paybra Mining Co., 807 F. Supp. 1242, 1246 (S.D.W.V. 1992) (individuals who, as officers, directors, and sole shareholders of corporations in debt to

5

P-049

ERISA funds, "exercised broad personal discretion and control over the assets and spending practices of the corporat[ions,] ... [and] decisions on which bills to pay and ... which of those bills were being delayed to pay.... Contributions due and owing the Funds were withheld and directed elsewhere and such spending decisions were the personal, conscious choices of these Defendants.")

Were the Monies Allegedly within the Defendants' Control Considered "Fund Assets"?

The Court must first determine whether the contributions allegedly withheld by Defendants are considered "Fund assets." NYSA-IIA, at 200. The question of whether an employer's contribution becomes an "asset of a plan," is determined by the terms of the underlying rights agreement. Id.; see also United States v. Panepinto, 818 F. Supp. 48, 51 (E.D.N.Y. 1993). While neither of the parties' motion papers address the question of whether or not the missing contributions actually constitute assets of the Fund's plan, the Plaintiffs' Amended Complaint alleges that the "delinquent contributions owed by LMG and All Pro constitute assets of the Fund's plans." Amended Complaint ¶ 32. Because the instant motions are construed under Rule 12(b)(1) and 12(b)(6), the Court must "accept all of the plaintiffs factual allegations in the complaint as true" and is required to "draw inferences from those allegations in the light most favorable to the plaintiff." Gregory, at 691. Thus, for the purposes of this motion, this Court assumes that the missing contributions are, indeed, assets of the Fund's plan.

6

Did the Defendants Possess Managerial Discretion or Control?

This Court must next determine whether or not the defendant possessed "managerial discretion or control" over the Fund assets. United States v. Glick, 142 F.3d 520, 527 (2d Cir. 1998). Since the courts have "broadly construed what it means to have actual control over the disposition of plan assets," an entity does not need to have absolute discretion with respect to a benefit plan in order for it to be considered a fiduciary. Id. at 527, 528 n.9 (quoting Blatt v. Marshall & Lassman, 812 F.2d 810, 812 (2d Cir. 1987)). Rather, an entity need only possess "sufficient control over at least a part of the [plans] assets" in order to demonstrate the creation of a fiduciary relationship. Glick, at 528. Additionally, "a person may be a fiduciary with respect to certain matters but not others, for he has that status only to the extent that he has or exercises the described authority or responsibility." Gray v. Briggs, 45 F. Supp. 2d 316, 328 (S.D.N.Y. 1999) (quoting F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1259 (2d Cir. 1987)). According to the allegations within the Complaint, each of the Defendants participated in the operations of the corporation as controlling corporate officials. Amended Complaint at 7.

Plaintiffs allege that Defendant Robert Gesell was an LMG shareholder and President of LMG. Robert Gesell ran LMG Air Corporation, and he was the president

7

and the officer in charge. Id. at 7. He also signed the collective bargaining agreements with Local Union 295. Id. Defendant Ronald Gesell was an LMG shareholder, the Secretary-Treasury of LMG and the general manger of All Pro. Id. At trial, Ronald Gesell verified that he was "primarily in charge of All Pro . . . ." Id. Defendant Eileen Gesell was an All Pro shareholder and held the office of President. At trial, Ronald Gesell confirmed that that Eileen Gesell supervised the bookkeeping and accounting for All Pro. Id. at 7. Under these circumstances, for the purposes of the Rule 12(b)(6) and 12(b)(1) motions, Defendants do qualify as fiduciaries.

This argument is curtailed however, by the Defendants' assertion that this claim is time-barred. Defendants also argue that the Plaintiffs fail in their attempt to allege "a continuing violation theory." Def. Mem. of Law ("Def. Mem."), at 7. Plaintiffs counter that since Defendants have "retained assets due to the Funds and can (and must) cure their failure to remit those assets at any time," their actions constitute an "ongoing breach [of fiduciary duty] and a continuing violation of ERISA." Pl. Mem. at 6.

Defendants' point out that the relevant statute that speaks to the limitations period for ERISA actions provides that:

> No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

8

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation. 29 U.S.C. § 1113.

The court in <u>Miele v. Pension Plan of N.Y.State Teamsters Conf. Pension & Retirement Fund</u>, 72 F. Supp. 2d 88, 102 (E.D.N.Y. 1999) stated that "[i]t is well-settled that the continuing claims doctrine does not apply to a claim based on a single distinct event which has ill effects that continue to accumulate over time. See <u>Ariadne Fin. Servs. Pty. v. United States</u>, 133 F.3d 874, 879 (Fed. Cir. 1998); <u>Brown Park Estates-Fairfield Development Co. v. United States</u>, 127 F.3d 1449, 1456 (Fed. Cir. 1997).

In the instant case, as late as 1998, the Plaintiffs' were aware that the corporations were operating illegally as "alter-ego" companies and that therefore the Defendants, as controlling corporate officials, were also responsible for delinquent contributions to their Fund. This claim is not "inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." <u>Miele</u>, at 102. Indeed, the gravamen of the Plaintiffs' complaint is grounded in facts known to them since the entry of the 1998 judgment. The instant action was filed August 29, 2006, and this date exceeds the six-year applicable statute of limitations. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' claim for breach of fiduciary duty.

P-049

Plaintiffs' Claim to Enforce the Judgment Against Controlling Corporate Officials

Plaintiffs' second claim seeks to hold the Defendants personally liable for the corporations' judgment of liability to the Fund pursuant to ERISA and federal common law. Plaintiffs rely on the 20-year statute of limitations to enforce judgments, found in N.Y. C.P.L.R. § 211(b). For the purposes of deciding this motion, based on the allegations of the Amended Complaint, this Court accepts Plaintiffs' allegations that Defendants (1) are controlling officers, and (2) defrauded and conspired to defraud the Fund's plan of required contributions. Amended Complaint at ¶¶21-30. Plaintiffs argue that Defendants may be held personally liable for the outstanding judgment against the corporation pursuant to ERISA.

The Second Circuit has held that individuals are generally not liable for corporate ERISA obligations solely by virtue of his or her role as officer, shareholder or manager. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lollo, 148 F.3d 194, 195 (2d Cir. N.Y. 1998). The court noted, however, "one circumstance pertinent to this matter in which a corporate official might be personally liable under ERISA – namely where a controlling corporate official defrauds or conspires to defraud a benefit fund of required contributions." (internal quotations and citation omitted). Id. at 195.

The first case in this circuit to hold an individual corporate officer responsible for the corporation's unpaid ERISA contributions was Leddy v. Standard Drywall, Inc.,

P-049

875 F.2d 383, 388 (2d Cir. 1989). There, the Court relied on Fair Labor Standards Act precedents that imposed liability on "a corporate officer with operational control who [was] directly responsible for a failure to pay statutorily required wages." Id. The court held that "at least to the extent that a controlling corporate official defrauds or conspires to defraud a benefit fund of required contributions, the official is individually liable under Section 502 of ERISA, 29 U.S.C. § 1132." Id. at 388. In this case, Defendants were corporate officials and exercised control & power over entities deemed to have been operated illegally as "alter-egos." It is argued that the Defendants, in their capacity as corporate officers are exposed to liability for judgments entered against the corporation. These facts fit squarely within the exception to the rule wherein a corporate official might be held personally liable under ERISA. As noted, "where a controlling corporate official defrauds or conspires to defraud a benefit fund of required contributions," he or she may be held personally liable under ERISA. Cement & Concrete at 195.

As previously discussed, the appropriate statute of limitations for the enforcement of judgments is 20 years. The outstanding judgment for damages owed to the Fund's plan by the corporation is dated February 17, 2006 in the amount of $2,272,647. Therefore, the Plaintiffs' claims to hold the Defendants' personally liable for the corporation's judgment are well within the 20 year limitations window. Defendants' motion to dismiss Plaintiffs' second claim is denied.

May Plaintiffs Assert a Claim for an Accounting of the Assets Under their Control?

The Defendants' mistakenly frame the Plaintiffs' third claims as an action for fraudulent conveyances and argue that they fail to plead the claim with sufficient particularity. The Defendants however, misstate the Plaintiffs' claim.

The Amended Complaint reads: Upon information and belief, the Fund's judgments against LMG and All Pro were rendered unenforceable because the Gessell controlling officials improperly transferred assets from those companies to themselves... to evade the payment of any judgment to the Funds." Amended Complaint at ¶44. The Complaint then demands an equitable accounting of the disposition of the assets of the corporations and payment of any assets improperly transferred to the Gessell controlling officials or to others.

The Plaintiffs' appropriately rely upon <u>Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut.</u>, 982 F.2d 1031, 1035 (6th Cir. Ohio 1993), for the notion that the "principles of trust law…apply to ERISA." In <u>Libbey-Owens</u>, the plaintiffs based their argument on <u>Cent. States v. Cent. Transp.</u>, 472 U.S. 559, 570 (1985), which held that "[c]ongress invoked the common law of trusts to define the general scope of … authority and responsibility" under ERISA. They argued that they were entitled to an accounting as a result of the incorporation of these principles, because a "trustee has a duty to account to beneficiaries of the trust and may be compelled to render financial data upon failure to provide such information." <u>Libbey-Owens</u>, at 1036. As corporate controlling officials of All Pro and LMG, the Defendants are required to provide a

12

P-049

financial accounting based on the actions taken in their capacity as corporate officers. Thus Defendant's motion to dismiss the Plaintiffs' third claim is denied.

Plaintiffs' Claim to Pierce the Corporate Veil

The Plaintiffs' final claim seeks to pierce the corporate veil under traditional state law principles. The Defendants argue that the Plaintiffs failed to establish the requisite basis for subject matter jurisdiction and as such, their claims must be dismissed.

As noted *supra,* this Court found that the Plaintiffs have adequately demonstrated the possibility that Defendants' may bear personal liability under ERISA for defrauding or conspiring to defraud a benefit fund of contributions, while acting in their role as corporate officers. Such fraud is explicitly recognized as the type that can expose corporate officers to personal liability under ERISA. See Cement and Concrete, at 195. Therefore, contrary to the Defendants' argument, the Plaintiffs have established subject matter jurisdiction based upon an underlying violation of ERISA. Thus, the Defendants' motion to dismiss the Plaintiff's final claim is dismissed.

## CONCLUSION

Based on the foregoing analysis, this Court grants the Defendants' motion to dismiss the Plaintiffs' claim for breach of fiduciary duties. The Defendants' motions to dismiss the Plaintiffs' remaining claims are hereby denied.

SO ORDERED.

Dated: Brooklyn, New York   s/b Judge Johnson
October 2, 2008.             U.S.D.J.

P-049